IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BARBARA H., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-147-C-BN |
| | § | |
| NANCY A. BERRYHILL, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Barbara H. seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision should be reversed.

**Background**

Plaintiff alleges that she is disabled due to a variety of ailments including knee and eye problems. After her applications for disability insurance benefits and supplemental security income ("SSI") benefits were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on October 5, 2016. *See* Dkt. No. 14 (Administrative Record ["Tr."] at 31-55). At the time of the hearing, Plaintiff was 49 years old. She has a high school education and has past work experience as a certified nurse's aide, forklift operator, shipping and receiving clerk, and factory line worker. Plaintiff has not engaged in substantial gainful activity since December 8, 2013.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability or SSI benefits. *See id.* at 10-18. Although the medical evidence established that Plaintiff suffered from dysfunction of major joints, the ALJ concluded that the severity of that impairment did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Plaintiff had the residual functional capacity to perform a limited range of sedentary work but could not return to her past relevant employment. Relying on a vocational expert's testimony, the ALJ found that Plaintiff was capable of working as a lens inspector, film inspector, and dowel inspector – jobs that exist in significant numbers in the national economy.

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

Plaintiff then filed this action in federal district court. In a single ground, Plaintiff contends that the ALJ erred when, without explanation, she mechanically applied the Medical-Vocational Guidelines ("Guidelines") as a framework for her step-five decision. The Commissioner concedes error but argues that it was not harmful.

The undersigned concludes that the hearing decision should be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with these findings and conclusions.

**Legal Standards**

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014);

*Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

**Analysis**

At the fifth step of the sequential evaluation process, the ALJ considers the plaintiff's age in combination with her residual functional capacity, education, and work experience to determine whether the plaintiff is capable of adjusting to and performing work that exists in substantial numbers in the national economy. *See* 20 C.F.R. § 404.1563(a) (2010); *Singleton v. Astrue*, No. 3:11-cv-2332-BN, 2013 WL 460066, at *7 (N.D. Tex. Oct. 2, 2015). A claimant can be classified in one of three categories: (1) younger person (18-49), (2) a person closely approaching advanced age

(50-54), or (3) a person of advanced age (55 or older). *See* 20 C.F.R. § 404.1563(c)-(e). Generally, an individual attains a given age on the day before her birthday. *See id.* § 404.2(c)(4). But there is a regulation governing "borderline situations" that provides, in pertinent part:

> We will use each of the age categories that applies to you during the period for which we must determine if you are disabled. We will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.

*Id.* § 404.1563(b); 416.963(b); *see also Application of the Medical-Vocational Guidelines in Borderline Age Situations, Soc. Sec. Admin., Office of Hearings and Appeals, Hearings, Appeals and Litigation Law Manual* ("HALLEX"), II-5-3-2, 2003 WL 25498826 (effective 1993). The classification of a person's age can be important because, in general, the higher the age category, the more lenient the standard for proving a disability. *See* Social Security Ruling ("SSR") 83-10, 1983 WL 31251, at \*8; *Manning v. Colvin*, No. 3:13-cv-2178-D, 2014 WL 266417, at \*3 (N.D. Tex. Jan. 24, 2014).

Plaintiff contends that she falls within the borderline situation and that the ALJ erred by failing to consider an older age catgory. The ALJ rendered her decision on December 14, 2016. At that time, Plaintiff was 49 years, 9 months and 2 days old, which means that, at the time of the ALJ's decision, Plaintiff was less than three months away from automatically qualifying as a person closely approachng advanced

age. Plaintiff also contends that, if the ALJ had used an older age category, she would have been found disabled. *See Manning*, 2014 WL 266517, at *5; *Singleton*, 2013 WL 460066, at *8; HALLEX § I-2-2-42.

The Commissioner concedes that a borderline age situation existed and that using a higher age category would have resulted in a decision that Plaintiff was disabled. *See* Dkt. No. 18 at 7. But the Commissioner argues that Plaintiff failed to show that the error was harmful because the factors that justify application of a higher age category, such as a limited education, unskilled work history, and severely restricted residual functional capacity, do not justify use of the higher age category in this case and because the Appeals Council stated, without explanation, that "[w]e considered the borderline age situation in this case, and we found that the factors in the record do not support application of the higher age category." Tr. at 2.

The Commissioner does not explain how those factors do not justify the use of the higher age category, and the Appeals Council likewise offers no discussion or explanation. And, in any event, "[t]he ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). "Reviewing courts do not consider rationales supporting an ALJ's decision that are not invoked by the ALJ." *Bragg v. Comm'r of Soc. Sec. Admin.*, 567 F. Supp. 2d 893, 907 (N.D. Tex. 2008). "If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by

substituting what it considers to be a more adequate or proper basis." *SEC v. Chenery*, 332 U.S. 194, 196-97 (1947).

Based on this record, the Court cannot determine whether the ALJ's analysis would have changed had she applied the correct age category. Accordingly, the Plaintiff has shown prejudicial harm, and remand is appropriate.[1] *Cf. Perez v. Colvin*, No. 3:13-cv-4467-M-BK, 2014 WL 5472438, at *6 (N.D. Tex. Oct. 29, 2014).

## Recommendation

The hearing decision should be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

---

[1] By recommending the remanding this case for further administrative proceedings, the undersigned does not suggest that Plaintiff is or should be found disabled.

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 30, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE